IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DAVID LEE SANDERS**                                                                  **PLAINTIFF**

**V.**                                                                **NO.: 1:18CV116-RP**

**ITAWAMBA COUNTY, ET AL.**                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

On August 7, 2018, plaintiff David Lee Sanders, an inmate confined at the Wilkinson County Correctional Facility, appeared before the Court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit. Sanders having consented to magistrate judge jurisdiction in accordance with 28 U.S.C. § 636(c), the undersigned has the authority to enter this order and the accompanying final judgment.

### I. Plaintiff's Allegations[1]

Sanders claims that he was being held on misdemeanor charges at the Itawamba County Jail on December 18, 2012, when he was assaulted by Jailer Greg Wilmon, who found tobacco on Sanders' person and charged him with possession of contraband in a detention facility. Sanders states that Wilmon, along with Itawamba County Sheriff Chris Dickerson and Jail Administrator

---

[1] In its summary of Sanders' allegations, the Court takes judicial notice of Sanders' prior cases before this Court to piece together an accurate chronology of the events alleged. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (district court has right to take notice of its own files and records).

Vicky Russell, regularly allowed the inmates to smoke tobacco, and that he was charged with having contraband just to "cover-up" Wilmon's alleged assault.[2]

On January 23, 2013, Sanders pleaded guilty to the Itawamba County contraband offense and was given a fifteen-year sentence, to run consecutively to a Monroe County grand larceny charge for which he was given a ten-year suspended sentence. *See, e.g.,* Doc. #1 at 15-19 in *Sanders v. Itawamba County*, Cause No. 1:16cv142 (N.D. Miss.). The trial court credited Sanders with time served and suspended the remainder of the contraband sentence contingent upon his compliance with post-release supervision requirements. *Id*. at 15. In November 2013, however, Sanders was arrested and charged with burglary of a dwelling and grand larceny in Itawamba County, and his post-release supervision for the contraband offense was revoked. *See, e.g., id*. at 24 & 30. During his *Spears* hearing, Sanders confirmed that his post-release supervision for the Monroe County grand larceny offense was also revoked on the same day. By order entered on December 18, 2013, Sanders was ordered to serve a five-year sentence, with the sentence to run consecutively to his previously-suspended Monroe County sentence. *See* Doc. #23-4 in *Sanders v. Itawamba County*, Cause No. 1:16cv142 (N.D. Miss.). In 2014, Sanders was also convicted of burglary and grand larceny offenses in Chickasaw County and is under a sentence of imprisonment for those offenses. *See* https://www.ms.gov/mdoc/inmate (search by "Last Name" and "First Name") (last visited August 9, 2018).

Sanders later sought federal habeas relief and State post-conviction relief, arguing that he was charged with a non-existent felony for possessing tobacco.[3] The State court agreed, and by

---

[2] Sanders' brought an excessive force claim against these Defendants that was unsuccessfully litigated in Cause No. 1:16cv212 (N.D. Miss.).

[3] Tobacco is not "contraband" under the relevant statutes. *See* Miss. Code Ann. § 47-5-193; Miss. Code Ann. § 47-5-191. Sanders could have potentially faced only misdemeanor charges under Miss. Code Ann. § 47-5-192 (giving authority to MDOC commissioner to identify non-permissible items in detention facility and deeming violation of that promulgation as misdemeanor punishable by not more than one year of incarceration).

order entered May 17, 2018, Sanders' conviction and sentence for possession of contraband in a detention facility was set aside.

Thereafter, Sanders filed the instant § 1983 action, alleging that jail personnel, the attorneys, and the judge all knew the relevant law and ignored it to secure his wrongful conviction for a non-existent felony. He asks the Court to award him monetary damages for the Defendants' actions.

## II. Immunities

Circuit Court Judge James L. Roberts is entitled to be dismissed from this action, as he has absolute judicial immunity from suit for actions taken in a judicial capacity. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978). Accepting a plea and sentencing a defendant are functions normally performed by judges, and therefore, Roberts is immune from suit. *See Forrester v. White*, 484 U.S. 519, 227 (1988) (noting "immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches") (emphasis in original).

Similarly, Sanders cannot maintain suit against the prosecutors in this action, as "a state prosecuting attorney who act[s] within the scope of h[er] duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (prosecutor immune from action alleging knowing use of perjured testimony, malicious prosecution, and conspiring with judge). Because prosecutors have absolute immunity for activities connected with judicial proceedings, Defendants Nebora Porter and Jerrolyn Owens must be dismissed from this action. *See, e.g., Imbler*, 424 U.S. at 431 (providing protection for prosecutor's conduct "in initiating a prosecution").

Next, the Court finds that Sanders cannot assert a claim for damages against the Mississippi Department of Corrections ("MDOC") or the State itself, as each is entitled to sovereign immunity pursuant to the Eleventh Amendment of the Constitution. U.S. Const.

3

Amend XI; *Perez v. Region 20 Educ. Service Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002); *Williams v. Miss. Dep't of Corr.*, No. 3: 12cv259-CWR-FKB, 2012 WL 2052101 at *1 (S. D. Miss. June 6, 2012) (noting MDOC is entitled to immunity as arm of the State); *see also* Miss. Code Ann. § 47-5-1, *et seq*. Therefore, MDOC and the State are entitled to be dismissed from this suit.

### III. "State actor" requirement

The Court finds that Sanders' public defender, Christopher Bauer, is not amenable to suit, as relief under § 1983 is only available to vindicate a plaintiff's federal rights against a defendant acting under color of state law. 42 U.S.C. § 1983. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). Accordingly, Bauer is entitled to be dismissed from this lawsuit.

### IV. Itawamba County Defendants

Sanders alleges that Itawamba County, along with Officers Chris Dickerson, Vicky Russell, and Greg Wilmon ("County Defendants"), initiated false criminal charges against him, resulting in a wrongful conviction. However, there is no freestanding constitutional right to be free from criminal charges or prosecution. *See Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (citation omitted). Accordingly, he cannot maintain a § 1983 action against these Defendants for malicious prosecution.

A plaintiff may be able to assert a substantive due process violation if he can demonstrate that he was deliberately falsely charged, and Fourth Amendment relief is unavailable. *See Cole v. Carson*, 802 F.3d 752, 772-73 (5th Cir. 2015), *vacated sub nom. Hunter v. Cole*, 137 S. Ct. 497 (2016). However, as the Court has noted, the decision whether to bring criminal charges rests solely with the prosecutor. *See, e.g., Buckley v. Fitzsimmons*, 50 U.S. 259, 272-73 (1993); *Imbler*, 424 U.S. at 431. Because Sanders' prosecution was initiated and maintained by prosecutorial function, not by the actions of the County Defendants, he cannot sustain a claim

against them for the erroneous charge. Moreover, Sanders concedes that he was in possession of tobacco, which is against the administrative rules of prison facilities. Therefore, Sanders was erroneously charged with a felony, but evidence was not fabricated against him to secure that charge. Rather, the wrong statute was applied. The Court sympathizes with Sanders' frustration at having to file various actions to get his Itawamba County criminal case rectified. However, "[a] mistake is not enough to support a substantive due process claim." *Rogers v. Lee Cty., Mississippi*, 684 F. App'x 380, 390 (5th Cir. 2017). Accordingly, Sanders cannot sustain a § 1983 claim for malicious prosecution or a violation of substantive due process because he was erroneously charged.

## V. Retaliation

In his complaint, Sanders alleges that he was charged with contraband as part of a cover-up. At his *Spears* hearing however, he stated that he could not imagine a reason why the defendants erroneously charged him with a felony. Despite this inconsistency, the Court will, out of an abundance of caution, consider whether Sanders has stated an actionable claim for retaliation.

To state a claim for retaliation, Sanders must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive, the complained of incident (here, the tobacco charge) would not have occurred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (quotations omitted); *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). In this case, Sanders does not allege that he was charged with the tobacco offense after complaining about an incident of excessive force, nor does he allege the existence of a constitutional right to possess tobacco in a detention facility. Rather, he claims simply that officers decided to charge him with possession of tobacco to "cover-up" their assault of him. Therefore, Sanders cannot demonstrate that he was charged with a felony because of the exercise of a constitutional right. *See, e.g., Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (holding

5

"defendant's intent to retaliate against the prisoner for his or her exercise of that [constitutional] right" an element of retaliation claim).

Even if the Court were to find, however, that Sanders had alleged that he was charged with the tobacco offense because of the exercise of a constitutional right, the Court again notes that Sanders' prosecution was not initiated by the County Defendants, but rather, by the prosecutor who is absolutely immune in this action and who has no participation in the alleged attack on Sanders. Finally, if the Court were to assume that the County Defendants swore out affidavits and coerced the prosecutor to initiate felony charges against Sanders for possession of contraband, and that such action would be sufficient to state a retaliation claim, the Court finds that the applicable statute of limitations has lapsed on this claim, which began to run the instant Sanders was charged with the contraband offense. *See, e.g., Owens v. Okure*, 488 U.S. 235, 249 (1989) (federal court borrows State's general personal injury limitations period); Miss. Code Ann. § 15-1-49 (allowing inmate three years to file action after he "becomes aware he has suffered an injury or has sufficient information to know he has been injured"). Because Sanders was charged with the tobacco offense at least by January 23, 2013, the date he pleaded guilty to the offense, he had only up to and including January 23, 2016, to allege that the county defendants attempted to induce the State to prosecute him with retaliatory motives. Accordingly, any retaliation claim he might have raised has now expired.

## VI. Conclusion

Mississippi's statutory laws were unquestionably misapplied in Sanders' prosecution for possession of tobacco. However, Sanders cannot sustain a federal constitutional claim against any of the named Defendants for the mistake made in his case. Additionally, the Court notes that Sanders' post-release supervision for the concededly-valid Monroe County conviction was revoked the same day as was his supervision for the now-vacated Itawamba County conviction,

and as such, he was not at any time unlawfully incarcerated merely because of the erroneous felony charge.

Accordingly, for the reasons set forth in this Memorandum Opinion and Order, the instant complaint is **DISMISSED** for failure to state a constitutional claim, and all Defendants are hereby **DISMISSED WITH PREJUDICE** from this action. A separate final judgment will issue today.

**SO ORDERED** this the 13th day of August, 2018.

/s/ Roy Percy
**UNITED STATES MAGISTRATE JUDGE**